*576 SWANSON, J.,
dissenting in part and concurring in part.
When the trial court entered the final judgment for appellee in April 2010, the applicable statute provided that “[t]he interest rate established at the time a judgment is obtained shall remain the same until the judgment is paid.” § 55.08(8), Fla. Stat. (2009). It is undisputed that the interest rate in April 2010 was six percent. Accordingly, under the plain language of the statute, appellee is entitled to post-judgment interest at the fixed rate of six percent until the final judgment is paid in full.
Effective July 1, 2011, section 55.03(3) was amended to provide that “[t]he interest rate is established at the time a judgment is obtained and such interest rate shall be adjusted annually on January 1 of each year in accordance with the interest rate in effect on that date as set by the Chief Financial Officer ” until the judgment is paid. Ch. 2011-169, §§ 1, 3, at 2893-94, Laws of Fla. Absent a clear expression of legislative intent that this amendment applies to judgments obtained before July 1, 2011, the substantive change from a fixed to an adjustable rate of post-judgment interest did not apply retroactively to the final judgment in this case. See Maronda Homes, Inc. of Fla. v. Lakeview Reserve Homeowners Ass’n, Inc., 127 So.3d 1258, 1272 (Fla.2013) (“For the retroactive application of a law to be constitutionally permissible, the Legislature must express a clear intent that the law apply retroactively, and the law must be procedural or remedial in nature.”).
Where the statute at the time of the final judgment expressly provided that ap-pellee is entitled to post-judgment interest at a fixed rate until the final judgment is paid in full, we should not rely on a common law rule to presume the Legislature intended to retroactively reduce what was a fixed rate of post-judgment interest thereby diminishing the value of this mul-ti-million-dollar judgment. Because nothing in the language of the amendment itself supports such an intent, I respectfully dissent from the majority’s conclusion that the amendment applied in this case. However, I concur in certifying the question of great public importance to our supreme court.